McGREGOR W. SCOTT
United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ALVAREZ,<br><br>Defendant. | CASE NO. 2:15-CR-00164-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: February 13, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on February 13, 2020.

2. By this stipulation, defendant now moves to continue the status conference until March 5, 2020, at 9:30 a.m., and to exclude time between February 13, 2020, and March 5, 2020, under Local Code T4. The parties anticipate presenting a plea agreement to the Court on March 5, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The defendant initial appeared in this case on August 5, 2015. The defendant subsequently absconded and a bench warrant was issued on March 5,

2017. The defendant was arrested in the Western District of Washington and later transferred to the Eastern District of California. On November 11, 2019, the defendant made his first appearance in the Eastern District of California since the March 2017 bench warrant was issued.

b) At the November 11, 2019 hearing, prior counsel John Manning was relieved and new counsel Mark Reichel was appointed.

c) Counsel for defendant desires additional time to consult with his client, review the discovery, discuss potential resolution options, and otherwise prepare for trial.

d) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of February 13, 2020 to March 5, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: February 11, 2020　　　　　　　　McGREGOR W. SCOTT
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　/s/ JUSTIN L. LEE
　　　　　　　　　　　　　　　　　　　　JUSTIN L. LEE
　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

Dated: February 11, 2020　　　　　　　　/s/ MARK REICHEL
　　　　　　　　　　　　　　　　　　　　MARK REICHEL
　　　　　　　　　　　　　　　　　　　　Counsel for Defendant
　　　　　　　　　　　　　　　　　　　　Jose Alvarez

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 11th day of February, 2020.

　　　　　　　　　　　　　　　　　　　　Troy L. Nunley
　　　　　　　　　　　　　　　　　　　　United States District Judge