| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | JUSTIN L. LEE<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700 |
| 5 | Attorneys for Plaintiff<br>United States of America |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE ALVAREZ,<br><br>    Defendant. | CASE NO. 2:15-CR-00164-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: March 26, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on March 26, 2020.

2. By this stipulation, defendant now moves to continue the status conference until May 28, 2020, at 9:30 a.m., and to exclude time between March 26, 2020, and May 28, 2020, under Local Code T4. The parties anticipate presenting a plea agreement to the Court on March 26, 2020.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The defendant initial appeared in this case on August 5, 2015. The defendant subsequently absconded and a bench warrant was issued on March 5,

2017. The defendant was arrested in the Western District of Washington and later transferred to the Eastern District of California. On November 11, 2019, the defendant made his first appearance in the Eastern District of California since the March 2017 bench warrant was issued.

  b)   At the November 11, 2019 hearing, prior counsel John Manning was relieved and new counsel Mark Reichel was appointed.

  c)   On February 26, 2020 and March 24, 2020, the parties conferred regarding the status of the case. Counsel for the defendant indicated that he needs additional time to meet with the defendant and discuss a proposed plea agreement from the United States.

  d)   Therefore, a further continuance and time exclusion is warranted because counsel for defendant desires additional time to consult with his client, review the discovery, discuss potential resolution options, and otherwise prepare for trial.

  e)   Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  f)   The government does not object to the continuance.

  g)   Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  h)   For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 26, 2020 to May 28, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 24, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ JUSTIN L. LEE
JUSTIN L. LEE
Assistant United States Attorney

Dated: March 24, 2020

/s/ MARK REICHEL
MARK REICHEL
Counsel for Defendant
Jose Alvarez

## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 24th day of March, 2020.

Troy L. Nunley
United States District Judge