1   PHILLIP A TALBERT
    Acting United States Attorney
2   JUSTIN L. LEE
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone: (916) 554-2700

5   Attorneys for Plaintiff
    United States of America
6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,            CASE NO.  2:15-CR-00164-TLN

12                     Plaintiff,        STIPULATION REGARDING EXCLUDABLE
                                         TIME PERIODS UNDER SPEEDY TRIAL
13              v.                       ACT; FINDINGS AND ORDER

14  JOSE ALVAREZ,                        DATE: April 15, 2021
                                         TIME:  9:30 a.m.
15                     Defendant.        COURT: Hon. Troy L. Nunley

16

17                          **STIPULATION**

18        Plaintiff United States of America, by and through its counsel of record, and

19  defendant, by and through defendant's counsel of record, hereby stipulate as follows:

20        1.      By previous order, this matter was set for status on April 15, 2021.

21        2.      By this stipulation, defendant now moves to continue the status conference

22  until May 6, 2021, at 9:30 a.m., and to exclude time between April 15, 2021, and May 6,

23  2021, under Local Code T4.

24        3.      The parties agree and stipulate, and request that the Court find the

25  following:

26        a)      The defendant initial appeared in this case on August 5, 2015.  The

27  defendant subsequently absconded and a bench warrant was issued on March 5,

28  2017.  The defendant was arrested in the Western District of Washington and later

    STIPULATION REGARDING EXCLUDABLE TIME       1
    PERIODS UNDER SPEEDY TRIAL ACT

1    transferred to the Eastern District of California.  On November 11, 2019, the

2    defendant made his first appearance in the Eastern District of California since the

3    March 2017 bench warrant was issued.

4           b)     At the November 11, 2019 hearing, prior counsel John Manning was

5    relieved and new counsel Mark Reichel was appointed.

6           c)     On February 26, 2020, March 24, 2020, May 20, 2020, July 28, 2020,

7    August 18, 2020, October 20, 2020, December 2, 2020, January 7, 2021, and

8    February 16, 2021, March 23, 2021, and April 13, 2021, the parties conferred

9    regarding the status of the case.  Counsel for the defendant indicated that he needs

10   additional time to meet with the defendant and discuss a proposed plea agreement

11   from the United States and potential considerations of a jury trial.  The parties are

12   continuing to investigate the potential for immigration consequences in this case.

13          d)     Therefore, a further continuance and time exclusion is warranted

14   because counsel for defendant desires additional time to consult with his client,

15   review the discovery, discuss potential resolution options, and otherwise prepare for

16   trial.

17          e)     Counsel for defendant believes that failure to grant the above-

18   requested continuance would deny him the reasonable time necessary for effective

19   preparation, taking into account the exercise of due diligence.

20          f)     The government does not object to the continuance.

21          g)     Based on the above-stated findings, the ends of justice served by

22   continuing the case as requested outweigh the interest of the public and the

23   defendant in a trial within the original date prescribed by the Speedy Trial Act.

24          h)     For the purpose of computing time under the Speedy Trial Act, 18

25   U.S.C. § 3161, et seq., within which trial must commence, the time period of April

26   15, 2021 to May 6, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§

27   3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted

28   by the Court at defendant's request on the basis of the Court's finding that the ends

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

of justice served by taking such action outweigh the best interest of the public and

the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other

provisions of the Speedy Trial Act dictate that additional time periods are excludable from

the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  April 14, 2021                              PHILLIP A. TALBERT
                                                    Acting United States Attorney


                                                    /s/ JUSTIN L. LEE
                                                    JUSTIN L. LEE
                                                    Assistant United States Attorney


Dated:  April 14, 2021                              /s/ MARK REICHEL
                                                    MARK REICHEL
                                                    Counsel for Defendant
                                                    Jose Alvarez


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 14th day of April, 2021.


                                                    Troy L. Nunley
                                                    United States District Judge


STIPULATION REGARDING EXCLUDABLE TIME                    3
PERIODS UNDER SPEEDY TRIAL ACT